UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO BALTIERA,<br><br>              Petitioner,<br><br>   v.<br><br>M. McDONALD, Warden,<br><br>             Respondent. | 1:10-cv—00590-LJO-SKO-HC<br><br>ORDER DIRECTING PETITIONER TO WITHDRAW HIS UNEXHAUSTED CLAIMS WITHIN THIRTY (30) DAYS OF SERVICE OR SUFFER DISMISSAL OF THE ACTION<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES<br><br>**DEADLINE FOR WITHDRAWAL OF UNEXHAUSTED CLAIM OR CLAIMS, AND RESPONSE TO ORDER TO SHOW CAUSE: THIRTY (30) DAYS AFTER SERVICE** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on March 22, 2010.

    I.   <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    II.   Exhaustion of State Court Remedies

        A.   Legal Standards

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by

providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

3

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

  B. Petitioner's Claims

Petitioner is an inmate of High Desert State Prison serving a sentence of forty-one years to life for convictions of multiple sexual offenses against children sustained in the Madera County Superior Court in 2007.  Petitioner raises the following claims: 1) whether pursuant to Cal. Pen. Code § 667.6(d), a mandatory consecutive sentence was required for conviction of aggravated sexual assault of a child (Cal. Pen. Code § 269) despite the crime's not being specified in the governing statute; 2) whether

4

the trial court was required to inquire whether a Spanish-language interpreter was sufficient when the court was on notice that Petitioner's primary language was a Central American Indian language; 3) whether the trial court erred in denying a motion for a new trial after newly discovered evidence revealed that a principal prosecution witness was a serial child abuser, which in turn would have explained how the two victims were able to provide detailed accounts of the facts concerning sexual abuse; 4) whether there was sufficient evidence of an attempt where the evidence showed only completed crimes, and the prosecutor elected not to use the completed crimes to support the charge of attempt; 5) whether material, exculpatory evidence was suppressed; and 6) whether trial and appellate counsel rendered ineffective assistance for failing to raise the issue of suppression of evidence and thereby depriving Petitioner of a key defense. (Pet. 4-5, 7-9, 11.)[1]

### C. Mixed Petition

Whether or not Petitioner exhausted his state court remedies concerning all his claims is unclear.  However, Petitioner admits that he did not exhaust his fifth and sixth grounds concerning suppression of material, exculpatory evidence and allegedly ineffective assistance of trial and appellate counsel based upon their failure to raise the issue concerning suppression of evidence.  (Pet. 9, 11.)

Where none of a petitioner's claims has been presented to

---

[1] Grounds 5 and 6 are not mentioned except as a response to a question concerning what grounds were not presented to the state courts (pet. 11); however, it appears that Petitioner intended to raise these grounds in the petition.  Petitioner further states that some of the petition was not copied. (Pet. 9-10, 13.)  Accordingly, the Court will broadly construe the scope of the grounds raised in the petition.

5

the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001).  Further, where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so.  <u>Rose</u>, 455 U.S. at 510, 521-22; <u>Calderon v. United States Dist. Court (Gordon)</u>, 107 F.3d 756, 760 (9th Cir. 1997), <u>en banc</u>, <u>cert. denied</u>, 118 S.Ct. 265 (1997); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th  Cir. 1997), <u>cert. denied,</u> 117 S.Ct. 1794 (1997).  However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims.  <u>Rose v. Lundy</u>, 455 U.S. at 520; <u>Calderon v. United States Dist. Ct. (Taylor)</u>, 134 F.3d 981, 986 (9th Cir. 1998), <u>cert.</u> <u>denied</u>, 525 U.S. 920 (1998); <u>James v. Giles</u>, 221 F.3d 1074, 1077 (9th Cir. 2000).

    The instant petition is at best a mixed petition containing exhausted and unexhausted claims.  The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims concerning suppression of evidence and the related allegations of ineffective assistance of counsel for failing to challenge the suppression of evidence at the trial and appellate levels.

    Accordingly, Petitioner will be given an opportunity to withdraw the unexhausted claims.

///

///

   D. <u>Order to Show Cause concerning Exhaustion of Petitioner's Remaining Claims</u>

With respect to Petitioner's first through fourth claims, it is not clear whether Petitioner exhausted his state court remedies.  Although Petitioner alleges that he raised those claims before the Court of Appeal, Fifth Appellate District (DCA), Petitioner states that other than a direct appeal, no other applications have been filed.  (Pet. 4.)  He does not state whether he appealed to the highest state court having jurisdiction.  (Pet. 6.)  Further, it is not clear that Petitioner gave specific notice to the state court that he was raising federal claims and thus gave the state court a full and fair opportunity to hear and remedy those claims.  Petitioner does not describe the claims as federal constitutional claims, and he does not specifically describe the state court proceedings in which he raised the claims.

Therefore, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not fairly presented his claims to the California Supreme Court.

If a claim was not fairly presented to the California Supreme Court, and if at least one exhausted claim remains in the petition, then the unexhausted claim or claims must be withdrawn from the petition, and the Court may proceed on the exhausted claim or claims.

If Petitioner has not presented all of his claims to the California Supreme Court, this Court cannot proceed to the merits of those claims.  28 U.S.C. § 2254(b)(1).  It is possible, however, that Petitioner has presented his claims to the

7

California Supreme Court but has simply neglected to inform this Court.

Thus, Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and, if possible, provide the Court with a copy of the petition or other application filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. Without knowing what precise claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

Petitioner will be given an opportunity to show cause why the petition should not be dismissed for failure to exhaust state remedies.

III. Disposition

Accordingly, it is ORDERED that:

1) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the Petition without prejudice;[2] and

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172 (2001).
Petitioner is further informed that the Supreme Court has held in pertinent part:
   [I]n the habeas corpus context it would be appropriate
   for an order dismissing a mixed petition to instruct an
   applicant that upon his return to federal court he is to

2) Petitioner is ORDERED to show cause why all claims in the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated: November 23, 2010** /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE

---

bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b). Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.