UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO BALTIERA,<br><br>            Petitioner,<br><br>    v.<br><br>M. McDONALD, Warden,<br><br>            Respondent. | 1:10-cv—00590-LJO-SKO-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 9)<br><br>ORDER GRANTING PETITIONER'S MOTION TO FILE A FIRST AMENDED PETITION (DOC. 12)<br><br>ORDER DEEMING THE PETITION FILED IN RESPONSE TO THE ORDER TO SHOW CAUSE TO BE PETITIONER'S FIRST AMENDED PETITION (DOC. 12, 3-12)<br><br>ORDER REQUIRING RESPONDENT TO FILE A RESPONSE TO THE FIRST AMENDED PETITION<br><br>ORDER SETTING A BRIEFING SCHEDULE<br><br>ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON THE ATTORNEY GENERAL |

   Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the Court's order to Petitioner to show cause why the petition should not be dismissed for failure to exhaust state

1

court remedies and the Court's direction to Petitioner to withdraw unexhausted claims, which was filed on November 24, 2010. Petitioner responded to the order on February 17, 2011.

## I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II.   Exhaustion of State Court Remedies

### A.   Legal Standards

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and

2

gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged

3

>     violations of the prisoners' federal rights" (some
>     internal quotation marks omitted). If state courts are
>     to be given the opportunity to correct alleged violations
>     of prisoners' federal rights, they must surely be
>     alerted to the fact that the prisoners are asserting
>     claims under the United States Constitution. If a
>     habeas petitioner wishes to claim that an evidentiary
>     ruling at a state court trial denied him the due
>     process of law guaranteed by the Fourteenth Amendment,
>     he must say so, not only in federal court, but in state
>     court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

>     Our rule is that a state prisoner has not "fairly
>     presented" (and thus exhausted) his federal claims
>     in state court unless he specifically indicated to
>     that court that those claims were based on federal law.
>     See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
>     2000). Since the Supreme Court's decision in Duncan,
>     this court has held that the petitioner must make the
>     federal basis of the claim explicit either by citing
>     federal law or the decisions of federal courts, even
>     if the federal basis is "self-evident," Gatlin v. Madding,
>     189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
>     Harless, 459 U.S. 4, 7... (1982), or the underlying
>     claim would be decided under state law on the same
>     considerations that would control resolution of the claim
>     on federal grounds, see, e.g., Hiivala v. Wood, 195
>     F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
>     88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
>     at 865.
>     ...
>     In Johnson, we explained that the petitioner must alert
>     the state court to the fact that the relevant claim is a
>     federal one without regard to how similar the state and
>     federal standards for reviewing the claim may be or how
>     obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

### B. Petitioner's Claims

Petitioner raises the following claims in the originally filed petition concerning his 2007 convictions in the Madera

4

County Superior Court:  1) whether pursuant to Cal. Pen. Code § 667.6(d), a mandatory consecutive sentence was required for conviction of aggravated sexual assault of a child (Cal. Pen. Code § 269) despite the crime's not being specified in the governing statute; 2) whether the trial court was required to inquire if a Spanish-language interpreter was sufficient when the court was on notice that Petitioner's primary language was a Central American Indian language; 3) whether the trial court erred in denying a motion for a new trial after newly discovered evidence revealed that a principal prosecution witness was a serial child abuser, which in turn would have explained how the two victims were able to provide detailed accounts of the facts concerning sexual abuse; 4) whether there was sufficient evidence of an attempt where the evidence showed only completed crimes, and the prosecutor elected not to use the completed crimes to support the charge of attempt; 5) whether material, exculpatory evidence was suppressed; and 6) whether Petitioner's trial and appellate counsel rendered ineffective assistance for failing to raise the issue of suppression of evidence, thereby depriving Petitioner of a key defense.  (Pet. 4-5, 7-9, 11.)[1]

Petitioner admitted in his petition that he did not present to any state or federal court his fifth and sixth grounds concerning suppression of evidence and related claims concerning allegedly ineffective assistance of trial and appellate counsel.

---

[1] Grounds 5 and 6 are not mentioned except in response to a question concerning what grounds were not presented to the state courts (pet. 11); however, it appears that Petitioner intended to raise these grounds in the petition.  Petitioner further states that some of the petition was not copied. (Pet. 9-10, 13.)  Accordingly, the Court will broadly construe the scope of the grounds raised in the petition.

5

(Pet. 9, 11.)

With respect to Petitioner's first through fourth claims, Petitioner alleged that he had raised the claims before the Court of Appeal of the State of California, Fifth Appellate District (DCA), but he admitted that other than a direct appeal, no other applications had been filed. Further, Petitioner did not state whether he appealed to the highest state court having jurisdiction the result of any action taken on any application to the state courts. (Pet. 4, 6.)

In response to the order to show cause, Petitioner submitted a declaration under penalty of perjury and an amended, verified petition from which the fifth and sixth admittedly unexhausted claims were deleted. With respect to the remaining claims as to which exhaustion was not affirmatively alleged in the originally filed petition, Petitioner did not provide a copy of any petitions that he had submitted to the California Supreme Court. Petitioner states in his declaration that although the records are unavailable, he was under the impression that his first, second, and third claims were presented to the California Supreme Court. (Doc. 12, 1-2.) In the amended petition, Petitioner states that other than a direct appeal from the judgment of conviction and sentence, he had not previously filed any petitions with respect to the challenged judgment. He does not respond to the questions concerning an appeal to the highest state court with respect to any petition or application. (Doc. 12, 8.)

A search of the official website for the California courts reflects that a petition for review from a criminal appeal in

6

Petitioner's case was filed in the California Supreme Court in People v. Eduardo Infante Baltierra, case number S167839, in October 2008, and was denied in December 2008.[2]

In summary, the face of the petition and Petitioner's declaration in response to the Court's order to show cause reveal that state court remedies were not exhausted as to the fifth and sixth claims concerning suppression of evidence and related ineffective assistance of counsel. However, it is unclear from the face of the petition whether state court remedies were exhausted as to the additional claims and whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

   III.   Discharge of the Order to Show Cause

Because Petitioner timely responded to the order to show cause, the order will be discharged.

   IV.   Amendment of the Petition

The Court deems Petitioner's motion to abandon claims (doc. 12) filed in response to the order to show cause to be a motion to amend the petition to delete the admittedly unexhausted fifth and sixth claims. The Court deems the petition submitted with the motion (doc. 12, 3-12) to be a proposed first amended petition.

Petitioner's motion to file a first amended petition will be granted, and the petition filed in connection with the motion

---

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).

7

will be deemed to be the first amended petition.

IV.  Disposition

Accordingly, it is hereby ORDERED that:

1)  The order to show cause that issued on November 24, 2010, is DISCHARGED; and

2)  Petitioner's motion to amend the petition to delete unexhausted claims is GRANTED; and

3)  The petition filed as part of Petitioner's response to the order to show cause and motion to abandon unexhausted claims (doc. 12, 3-12) is DEEMED to be Petitioner's first amended petition; and

4)  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[3] the Court hereby ORDERS:

a)  Respondent SHALL FILE a RESPONSE to the first amended petition[4] within **SIXTY (60) days** of the date of service of this order.  See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response).  A response can be made by filing one of the following:

i)  An ANSWER addressing the merits of the petition.

Respondent SHALL INCLUDE with the ANSWER any and all

---

[3] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed. R. Civ. P. 81(a)(4).  Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.

[4] Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

8

          transcripts or other documents necessary for the resolution of the issues presented in the petition. See Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that a claim of Petitioner has been *procedurally defaulted* SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

          ii)  A MOTION TO DISMISS the petition.  A motion to dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5, Rules Governing Section 2254 Cases.[5]

    b)  If Respondent files an answer to the petition, Petitioner MAY FILE a traverse within **THIRTY (30) days** of the date Respondent's answer is filed with the Court.  If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty (30) days.

    c)   If Respondent files a motion to dismiss, Petitioner SHALL FILE an opposition or statement of non-opposition within **TWENTY-ONE (21) days** of the date Respondent's motion is filed with the Court.  If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the thirty (30) days. Any reply to an opposition to the motion to dismiss SHALL BE

---

[5] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the respondent may file a motion to dismiss for failure to exhaust); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

1  FILED within **SEVEN (7) days** after the opposition is served.
2          d)   Unless already submitted, both Respondent and
3  Petitioner SHALL COMPLETE and RETURN to the Court within **THIRTY**
4  **(30) days** a consent/decline form indicating whether the party
5  consents or declines to consent to the jurisdiction of the United
6  States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).
7          e)   The Clerk of the Court is DIRECTED to SERVE a copy of
8  this order on the Attorney General or his representative.
9       All motions shall be submitted on the record and briefs
10 filed without oral argument unless otherwise ordered by the
11 Court.  Local Rule 230(l).  Requests for extensions of time will
12 only be granted upon a showing of good cause.  All provisions of
13 Local Rule 110 are applicable to this order.
14
15 IT IS SO ORDERED.
16 **Dated:   July 11, 2011**              /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE

10